PER CURIAM.
This cause is before us on appeal from the judgment of the Circuit Court, Duval County, imposing the death penalty.
Appellant, hereinafter referred to as defendant, was indicted for murder in the first degree in the death of Sidney Parnell, who died from a gunshot wound of the chest during a robbery at the Ribault Grocery Store in Duval County. The defendant was one of three men engaged in the robbery and was positively identified by four witnesses.
The jury found defendant guilty without recommendation of mercy in the death of Sidney Parnell and he was sentenced to death.
On appeal to this Court some eleven points for reversal are raised by the public defender on defendant’s behalf. Only the point relating to the use of an inquest, rather than a preliminary hearing, warrants discussion.
The murder was committed on September 25, 1968, a Wednesday, at about 8:45 p. m. Defendant was arrested the following Saturday. Either the day after the crime or three days following the crime, the eye witnesses identified defendant from photographs shown them by the police. On October 7, an inquest was held before the Justice of the Peace, as ex-officio Coroner, and a Coroner’s Jury. At the commencement of the proceedings the Coroner advised the defendant and his codefendants in part as follows:
“THE CORONER: Now, we are going to hold an inquest and also you have a right to have a preliminary hearing if you so desire; you have a right to an attorney, you have a right to refuse to testify. In the event you do testify anything you may say can be and possibly will be used against you at a preceding hearing. Is there any questions you would like to ask about your rights ? Any one of you or all of you would like to have a preliminary hearing along with this inquest?
“How about you, Herman Hall ?
“HERMAN HALL: I have nothing to say.
“THE CORONER: Albert Eugene Paschal?
“ALBERT EUGENE PASCHAL: No.”
*259 The Assistant State Attorney, Edward M. Booth, further advised the defendants as follows:
“MR. BOOTH: All of you know and understand you have a right to have an attorney to represent you ?
“THE DEFENDANT: Yes.
“MR. BOOTH: In other words, to proceed with the preliminary hearing it would be better to have a lawyer to represent you and advise you, in other words, we will proceed with the inquest only unless you are willing to waive the right to hold the preliminary hearing, and as long as you do not have an attorney I think that would be the proper thing to do, and since they have said they had nothing to say, Your Honor, I think it would be best to proceed with the inquest only.”
Thereafter, the defendant sat mute while the State presented its witnesses. No part of the testimony presented at the Coroner’s inquest was used at trial.
Defendant contends, however, that his rights were prejudiced by the fact that the witnesses’ observation of him at the inquest bolstered their later identification of him in Court. Defendant asserts that the identifying testimony at the trial should not have been allowed since the inquest proceeding was illegal and was conducted without defendants being represented by counsel.
We have carefully considered the record of the inquest proceedings as well as the balance of the record of the other proceedings below and can find no basis for defendant’s claim of prejudice. Defendant made no incriminating statements. There was no question here, as in Richardson v. State,[1] of the introduction at trial of evidence taken at the inquest. Also inapplicable to the facts before us is the recent U. S. Supreme Court decision in Coleman v. Alabama,[2] involving failure to provide counsel at a preliminary hearing with resulting possible infringements of defendant’s right to cross examine witnesses and preserve testimony.
As for the contention that the testimony of witnesses identifying defendant as the killer should have been rejected since this identification was bolstered by the witnesses’ view of him at the inquest, it is clearly without merit here. The robbery and killing occurred in a well lighted store and the gunmen were unmasked. Witnesses clearly saw the faces of the men at the time of the crime and later identified them from photographs prior to the inquest.
Other points raised by defendant have been carefully considered in connection with our study of the briefs and record submitted and found to be without merit. In addition, we have reviewed the evidence in the case to determine “if the interests of justice require a new trial” as required by Florida Statutes § 924.32(2), F.S.A. Defendant’s conviction is amply supported by the evidence and his trial was free of prejudicial error.
Accordingly, the judgment below is affirmed.
It is so ordered.
ROBERTS, C. J., ERVIN, CARLTON, ADKINS, BOYD and DREW (Retired), JJ., and SMITH, Circuit Judge, concur.

. 247 So.2d 296, Opinion filed April 21, 1971.

. 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, Opinion filed June 22, 1970.